# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE AVALOS,<br><br>        Plaintiff,<br><br>    v.<br><br>MMDEOL INC., et al.,<br><br>        Defendants. | Case No.  1:20-cv-01548-NONE-SAB<br><br>ORDER REQUIRING PLAINTIFF TO SUPPLEMENT MOTION FOR DEFAULT JUDGMENT<br><br>FIVE DAY DEADLINE |

Currently before the Court is George Avalos' ("Plaintiff") motion for default judgment. Upon review of the motion, the Court finds the following deficiencies in the motion for default judgment. Plaintiff shall be ordered to supplement the motion for default judgment to address the issues identified in this order.

**1.     Compliance with Rule 55 of the Federal Rules of Civil Procedure**

Before default judgment can be entered, Plaintiff must satisfy the procedural requirements of set forth in Rule 55 of the Federal Rules of Civil Procedure. "A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared." Fed. R. Civ. P. 55. Plaintiff has submitted a declaration stating that a search of the public records indicates that the business is owned by MMDEOL Incorporated and real property is owned by Defendant Deol as trustee of the Deol Family 1951 Revocable Trust. (Decl. of Joseph R. Manning Jr. in Suppl of Pl.'s Appl.

1 For Default Judgment by Court ("Manning Decl.") ¶ 3, ECF No. 11-3; Public Records attached
2 as Exhibit 4, ECF No. 11-6.)

3      Counsel asserts that neither Defendant Deol or Defendant MMDEOL Inc. are currently
4 serving in the military or otherwise exempt under the Soldiers and Sailors' Civil Relief Act of
5 1940. (Manning Decl. ¶ 4.) However, Plaintiff's motion also states he will present proof that
6 Defendant Deol is not a minor or incompetent or that either defendants are exempt under the
7 Soldiers and Sailor's Civil Rights Act at the hearing. (See Mot. at 2:7-10.) The Court will
8 require that these issues be addressed prior to the hearing in a supplemental brief.

9     **2.    Notice**

10      Plaintiff asserts that Defendants received notice because they were served with the
11 summons and complaint. Service of the summons and complaint is the procedure by which a
12 court having venue and jurisdiction of the subject matter of the suit obtains jurisdiction over the
13 person being served. Mississippi Publishing Corp. v. Murphree, 326 U.S. 438, 444–45 (1946);
14 see Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc., 840 F.2d 685, 688 (9th Cir.
15 1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has
16 been served properly under Fed. R. Civ. P. 4."). "Rule 4 is a flexible rule that should be liberally
17 construed so long as a party receives sufficient notice of the complaint." Direct Mail, 840 F.2d
18 at 688 (quoting United Food & Commercial Workers Union v. Alpha Beta Co., 736 F.2d 1371,
19 1382 (9th Cir. 1984)). However, "without substantial compliance with Rule 4, 'neither actual
20 notice nor simply naming the defendant in the complaint will provide personal jurisdiction.' "
21 Direct Mail, 840 F.2d at 688 (quoting Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986)).

22      The court must determine the adequacy of service of process in deciding a motion for
23 default judgment. Automattic Inc. v. Steiner, 82 F.Supp.3d 1011, 1019 (N.D. Cal. 2015). "A
24 default judgment entered when there has been no proper service of the complaint is void, and
25 should be set aside." In re Campbell, 105 B.R. 19, 21 (B.A.P. 9th Cir. 1989).

26      Rule 4 of the Federal Rules of Civil Procedure which governs service of the summons
27 provides:

28     Unless federal law provides otherwise, an individual--other than a minor, an

incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:
(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
(2) doing any of the following:
(A) delivering a copy of the summons and of the complaint to the individual personally;
(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

a. Service on Defendant Deol

Plaintiff filed a proof service for Defendant Deol. (ECF No. 5.) The proof of service states that "Paul Brar – Agent for Service" was personally served on November 3, 2020 at 1810 East Ashlan Avenue by personally delivering copies of the summons and complaint. (Id.) However, Plaintiff does not address how service on Paul Brar complies with the Federal Rules of Civil Procedure or is proper under California law. Defendant Deol is being sued in his individual capacity and in his capacity as trustee of the Deol Family 1951 Revocable Trust. Although the proof of service states that Paul Brar is the agent for service, there is nothing in the current motion, nor does the Court find anything in the record, to support that Paul Brar is agent of service for Defendant Deol in this instance.

Rule 4 of the Federal Rules of Civil Procedure sets forth the requirements for the manner of service on an individual. Rule 4(e) states that an individual may be served by following state law for service of the summons in the state where the court is located or by personally delivering a copy of the summons and a complaint, leaving a copy of each at the individual's usual place of abode, or delivering a copy of each to an agent authorized to receive service. Fed. R. Civ. P. 4(e)(2). Even if service does not comply with one of the three methods described in subsection 2, service is still proper if it complies with the law of the state where the district court is located, or the state where service is completed. Id. The proof of service shows that the summons and complaint were left at the business, but while Defendant Deol owns the property, there is nothing in the record to lead to the conclusion that the convenience store would be Defendant Deol's

usual place of abode or usual place of business.

California law allows for service upon an individual by personal delivery to the person to be served. Cal. Civ. Proc. Code § 415.10. California also allows for substitute service upon an individual:

> If a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served . . . a summons may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box, in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address other than a United States Postal Service post office box, at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left.

Cal. Civ. Proc. Code § 415.20(b).

As stated in the statute and emphasized in the Judicial Council comments, substitute service on an individual is only allowed if personal service cannot be effectuated after the exercise of reasonable diligence to personally serve the individual party. See Judicial Council Comment to Cal. Civ. Proc. Code § 415.20(b); Burchett v. City of Newport Beach, 33 Cal.App.4th 1472, 1477 (1995) ("As noted in the Legislative comment to the section, 'Personal delivery must be attempted in all cases where this alternative method of service is used.' "); Jes Solar Co. Ltd. v. Tong Soo Chung, 725 F. App'x 467, 470 (9th Cir. 2018) (noting same). Further, "[t]he process server, or other persons with personal knowledge of the facts, must set forth in the proof of service facts showing that the various requirements were complied with [Sections 417.10(a), 417.20(a)]." Judicial Council Comment to Cal. Civ. Proc. Code § 415.20(b). Specifically, Section 417.10(a) states:

> Proof that a summons was served on a person within this state shall be made:
>
> (a) If served under Section 415.10, 415.20, or 415.30, by the affidavit of the person making the service showing the time, place, and manner of service and facts showing that the service was made in accordance with this chapter. The affidavit shall recite or in other manner show the name of the person to whom a copy of the summons and of the complaint were delivered, and, if appropriate, his or her title or the capacity in which he or she is served, and that the notice required by Section 412.30 appeared on the copy of the summons served, if in fact it did appear.

Cal. Civ. Proc. Code § 417.10(a). The Judicial Council Comments provide additional guidance for effectuating substitute service on an individual:

> Substituted Service on Natural Person
>
> In the case of substituted service pursuant to Section 415.20(b) on a natural person described in Section 416.60, 416.70, 416.80, or 416.90, the additional matters that must be stated or shown are: (1) the efforts that had been made by the affiant in an attempt to deliver the papers by hand to the defendant personally, (2) that the place of delivery was the dwelling house, usual place of abode, or usual place of business of a person who may be served under those sections, and the name and title or representative capacity, if any, of such person, (3) that the person in whose presence the papers had been left was determined after careful inquiry by the process server to be a competent member of the household or a competent person apparently in charge of such business, as the case may be, who was at least 18 years of age, (4) that such person had been informed of the general nature of the papers, and (5) the date a copy of the papers was thereafter mailed (by first-class mail, postage prepaid) to the person to be served at the place of delivery. Several affidavits or certificates may be used to show that these requirements had been met.

Judicial Council Comment to Cal. Civ. Proc. Code § 417.10.

Therefore, if substituted service is attempted under Code of Civil Procedure § 415.20(b), the facts establishing reasonable diligence must be set forth in an affidavit, pursuant to Code of Civil Procedure § 417.10. Reasonable diligence to serve personally generally means two or three attempts. Burchett, 33 Cal.App.4th at 1477–78; Ross v. White, No. 217CV04149ODWJC, 2018 WL 3583033, at *3 (C.D. Cal. July 24, 2018); Bd. of Trustees of Leland Stanford Junior Univ. v. Ham, 216 Cal.App.4th 330, 337 (2013) (stating "the burden is on the plaintiff to show that the summons and complaint cannot with reasonable diligence be personally delivered to the individual defendant . . . two or three attempts to personally serve a defendant at a proper place ordinarily qualifies as reasonable diligence.").

"The terms 'dwelling house' and 'usual place of abode' take their meaning from the Federal Rules." Judicial Council Comment to Cal. Civ. Proc. Code § 415.20(b); see also Zirbes v. Stratton, 187 Cal.App.3d 1407, 1417 (1986). "The term 'usual place of business' includes a defendant's customary place of employment as well as his own business enterprise." Judicial Council Comment to Cal. Civ. Proc. Code § 415.20(b); Schumacher v. Airbnb, Inc., No. C 15-5734 CW, 2016 WL 7826667, at *5 (N.D. Cal. Nov. 9, 2016).

To effectuate service by mailing only, a copy of the summons and complaint must be

mailed by first-class mail or airmail to the person to be served, together with two copies of a specific notice and acknowledgement, and a return envelope, postage prepaid and addressed to the sender.  Cal. Civ. Proc. Code § 415.30(a).  Service is only deemed complete on the date a written acknowledgment of a receipt of summons is executed by the party to be served, and the acknowledgment is returned to the sender.  Cal. Civ. Proc. Code § 415.30(c).

While Defendant Deol owns the property upon which the business is located, there is nothing in the record to indicate that it is his customary place of employment or his own business enterprise.  Rather, as alleged in the complaint, the business is operated by Defendant MMDEOL and Plaintiff has not presented any evidence to link Defendant Deol to the corporation.  Further, Plaintiff has not demonstrated that any previous attempts were made to personally serve Defendant Deol and therefore has not demonstrated reasonable diligence such that substituted service would be proper nor does the proof of service indicate that copies of the service documents were thereafter mailed to Defendant Deol.  For these reasons, the Court finds that Plaintiff has not demonstrated that service on Defendant Deol complied with or substantially complied with Fed. R. Civ. P. 4 and it does not appear that the Court has jurisdiction over Defendant Deol.

      b.    <u>Service on Defendant MMDEOL</u>

A business search of California Secretary of State website shows that Paul Brar, 567 W. Shaw Avenue, Suite A-1, Fresno, CA 93704, is the agent of service of process for MMDEOL Incorporated.[1]  <u>See</u> Business Search – Entity Detail for MMDEOL Incorporated located at https://businesssearch.sos.ca.gov/, search MMDEOL Incorporated (last visited January 8, 2020).  The proof of service filed on December 6, 2020, shows that Paul Brar was personally served at this address with the summons and complaint on November 6, 2020.  (ECF No. 6.)

However, the proof of service for MMDEOL describes Paul Brar as a male, age 50s with black hair and brown eyes, six feet tall, and weighing 200 pounds. (ECF No. 6.)  The proof of service for Defendant Deol also states that Paul Brar was personally served with the summons

---

[1] The Court takes judicial notice of the records of the State of California.  <u>Daniels –Hall v. National Educ. Ass'n</u>, 629 F.3d 992, 998-99 (9th Cir. 2010)

1  and complaint. (ECF No. 5.) The proof of service describes Paul Brar as a male, age 70 with gray hair and brown eyes, six feet tall, and weighing 170 pounds. (Id.) Although both proof of services indicate that the same individual (Paul Brar) received service of the summons, the descriptions of the individual are inconsistent. The inconsistencies in the summonses preclude the Court from finding that Paul Brar was served with the summons for MMDEOL.

c.   Compliance with ADA Accessibility Guidelines ("ADAAG")

"To succeed on an ADA claim of discrimination on account of one's disability due to an architectural barrier, the plaintiff must also prove that: (1) the existing facility at the defendant's place of business [or property] presents an architectural barrier prohibited under the ADA and (2) the removal of the barrier is readily achievable." Vogel v. Rite Aid Corp., 992 F.Supp.2d 998, 1008 (C.D. Cal. 2014). Plaintiff makes a conclusory allegation that the curb ramp did not comply with the requirements of the ADA Accessibility Guidelines. However, there are no facts to support the allegation. In the current motion, Plaintiff alleges that the built up curb ramp that projects from the sidewalk and into the access aisle is in violation of section 406.5 and the ramp is in excess of the maximum grade allowed by ADAAG specifications in violation of section 406.1. (Mot. at 11-12.) However, Plaintiff does not address any of the ADAAG specifications or how the current ramp violates those specifications. Plaintiff shall be required to set forth the substance of the specification that is violated and how the current configuration of the ramp violates that specification.

d.   Attorney Fees

Plaintiff is requesting attorney fees in this action.[2] "[U]nder federal fee shifting statutes the lodestar approach is the guiding light in determining a reasonable fee." Antoninetti v. Chipotle Mexican Grill, Inc., 643 F.3d 1165, 1176 (9th Cir. 2010) (internal punctuation and citations omitted). In determining the lodestar amount, the Court determines the reasonable hourly rate and the number of hours that were reasonably expended in prosecuting the action. Antoninetti, 643 F.3d at 1176.

---

[2] The motion states that counsel is seeking attorney fees of $4,269.00 however, the accounting includes not only hours worked but costs that were incurred in this action. (ECF No. 11-7.) Therefore, it appears that counsel is also seeking to be reimbursed for costs in this action.

The lodestar amount is to be determined based upon the prevailing market rate in the relevant community, Blum v. Stenson, 465 U.S. 886, 896 (1984), which in this matter is the Fresno Division of the Eastern District of California. "To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum, 465 U.S. at 895 n.11.

Here, counsel states that he has been in practice since 2002 and sets forth his hourly rate for ADA cases. (Manning Decl. ¶ 7.) Counsel also sets forth his associates hourly rate but is devoid of any information regarding the experience of counsel. (Id.)

Accordingly, IT IS HEREBY ORDERED that, within **five (5) days** of the date of entry of this order, Plaintiff shall file a supplemental brief addressing the deficiencies identified in the motion for default judgment addressed in this order.

IT IS SO ORDERED.

Dated:   **January 12, 2021**

UNITED STATES MAGISTRATE JUDGE